In the Matter of the Claim for Benefits under Article 18 of the Labor Law made by ORSON A. BRYANT, Respondent. FRIEDA S. MILLER, as Industrial Commissioner, Appellant.— This is an appeal by the State Industrial Commissioner from a decision of the Unemployment Insurance Appeals Board, which modified the decision of an unemployment insurance referee holding the claimant to be ineligible for unemployment insurance benefits. Since 1938, claimant has been a solicitor of subscriptions for a daily newspaper for which he was paid on a commission basis. He was also a collector of delinquent accounts for a weekly rural newspaper. Claimant filed application for benefits on July 18, 1941. As a collector of delinquent accounts for the rural newspaper he earned about twenty-five dollars a year. In 1940, during the six months' period from April to October, he earned the amount of twenty-eight dollars, with the daily newspaper and during his reporting period in 1941 he earned ten dollars and seventy cents. The issue here is whether or not claimant was totally unemployed within the meaning of the statute during his reporting period. Subdivision 10 of section 502 of the Unemployment Insurance Law [Labor Law], as it existed at the time the claimant filed for benefits, reads as follows: " 10. ' Total unemployment ' means the total lack of any employment, including employment not subject to this article, together with the total lack of all compensation during a period of seven consecutive calendar days, both of which are caused by the inability of an employee who is capable of and available for employment to obtain any employment in his usual employment or in any other employment for which he is reasonably fitted by training and experience, including employments not subject to this article. Where an employee's compensation for employment or employments, including employments not subject to this article, does not in the aggregate exceed three dollars for a period of seven consecutive calendar days, such employment or employments and the compensation therefor shall be disregarded in determining whether there is ' total unemployment ' with respect to such employee." The State Industrial Commissioner contends that the respondent does not meet the requirement of the section for the reason that

he admits that during all of the times involved in this proceeding he was employed by the two newspapers working on a commission basis. Claimant bases his claim to benefits under the provisions of subdivision 10 of section 502 in that he did not earn in excess of three dollars a week. The State Industrial Commissioner urges that the amount of his earnings is immaterial since the first requisite for a valid claim for unemployment insurance benefits is that the claimant must be totally unemployed at the time he registers for benefits and that even if an employee working on a commission basis receives no commissions at all during a given period, he is not entitled to benefits during that period. From July 1, 1941, to October 15, 1941, the claimant earned by reason of his activities on the daily newspaper a total of sixteen dollars and twenty cents. Of this amount six dollars was earned during the week ending August third. The Appeal Board has found that claimant was totally unemployed during his reporting period with the exception of that week when he earned six dollars and should receive credit therefor. The decision of the Unemployment Insurance Appeal Board should be affirmed. Decision of the Unemployment Insurance Appeal Board unanimously affirmed, with costs to the claimant, respondent. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.